IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIRWATCH LLC.,<br><br>        Plaintiff,<br><br>   v.<br><br>GIGAMEDIA ACCESS CORP.,<br>d/b/a GIGATRUST,<br><br>        Defendant. | Case No. _____<br><br>CASE IN OTHER COURT:<br>*Route1, Inc. v. AirWatch LLC*,<br>No. 17-331-RGA (D. Del.) |

**EXPEDITED MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

**I.   INTRODUCTION**

Under Federal Rules of Civil Procedure 37 and 45, Movant AirWatch LLC ("AirWatch") requests that the Court, on an expedited basis, compel non-party Gigamedia Access Corp. ("Gigamedia"), which also does business under the name "GigaTrust," to comply with AirWatch's Subpoena to Produce Documents, Information, or Objects.  Despite AirWatch's best efforts for two months to secure voluntary compliance, Gigamedia has refused to produce any documents and things responsive to the subpoena, which requests a limited class of existing documents and things related to litigation currently pending in the United States District Court for the District of Delaware.  *See Route1, Inc. v. AirWatch LLC*, No. 17-331-RGA (D. Del.).

AirWatch requests that the Court order Gigamedia to produce all non-privileged documents and things in its possession, custody, or control that are responsive to the AirWatch subpoena by January 22, 2019.

**II.   STATEMENT OF FACTS**

AirWatch is the defendant in a patent case.  On March 27, 2017, Route1 Inc. ("Route1") filed a complaint against AirWatch in the United States District Court for the District of Delaware. (Declaration of Jayson L. Cohen ("Cohen Decl.") Ex. 1.)  Route1 alleges that

AirWatch infringes U.S. Patent No. 7,814,216 (the "'216 patent"), titled "System And Method For Accessing Host Computer Via Remote Computer," which was filed in the United States Patent Office on September 7, 2004. (*Id*. ¶ 5.)  AirWatch has asserted numerous defenses and counterclaims, including the affirmative defense of and a counterclaim for invalidity of the '216 patent. (*Id*. Ex. 2 at 4, 7.)  Trial in Delaware is set to begin on September 9, 2019. (*Id*. Ex. 3 ¶ 16.)

In the Delaware action AirWatch contends that the '216 patent is invalid in view of Gigamedia's prior art systems and methods known as "PeerBook" and "PeerSwitch" (collectively "PeerBook"). (*Id*. Ex. 4 at 14 n.2, 49-50 (discussing invalidity in view of PeerBook based on publicly available knowledge).)  AirWatch contends that PeerBook was a commercially available product and service that predates the '216 patent and employed a method for accessing a host computer via a remote computer that anticipates and/or renders obvious numerous asserted claims of the '216 patent under 35 U.S.C. §§ 102-103. (*Id.* at 49-50; *see also id.* Ex. 5 ¶¶ 614-690.)

AirWatch served a subpoena on Gigamedia on November 9, 2018, seeking further information about PeerBook. (*Id*. Exs. 6, 7.)  The subpoena called for the production of specific Gigamedia documents and things relating to PeerBook by November 23, 2018. (*Id*. Ex. 6, Sch. A at 3-5.)  Gigamedia never served any formal or informal responses or objections to the subpoena. (*Id*. ¶ 11.)

AirWatch's first communication with Gigamedia occurred on November 14, 2018. Robert Bernardi, CEO of Gigamedia, left a voicemail for Jayson Cohen, an attorney representing AirWatch, indicating a willingness to provide relevant information but asking for an alternate date for Gigamedia's compliance in view of the Thanksgiving holiday. (*Id*. ¶ 12.)  Since then, AirWatch has encouraged Gigamedia's voluntary compliance with the subpoena through a series of communications. (*Id.*, ¶¶ 13-16, Exs. 8-9.)

After several unsuccessful attempts to contact Mr. Bernardi on and after November 16, 2018, Mr. Cohen sent Mr. Bernardi a letter by overnight mail relating to the subpoena on

December 4. (*Id.* ¶ 13, Ex. 8.) Mr. Bernardi then called Mr. Cohen on December 5. (*Id.* ¶ 14.) Mr. Bernardi indicated then that Gigamedia was investigating potentially responsive materials concerning PeerBook, including source code and other documents retained electronically, and that he would see what he could do about providing Gigamedia's materials that same week. (*Id.*) The next day, December 6, Mr. Bernardi called Mr. Cohen and stated that Gigamedia was making efforts to retrieve PeerBook source code from Gigamedia's source-safe repository and investigating other responsive documents on Gigamedia's computers. (*Id.* ¶ 15.) He stated he would contact Mr. Cohen soon with a further update, but he never did. (*Id.* ¶¶ 15-16.) After the December 6, 2018 phone call, Mr. Bernardi did not respond to six further communications from Mr. Cohen, made between December 11 and 21. (*Id.* ¶ 16, Ex. 9.)

Despite AirWatch's repeated efforts to obtain Gigamedia's voluntary cooperation and compliance, Gigamedia has still not produced any documents in response to AirWatch's subpoena, and has now gone radio-silent.

**III.     ARGUMENT**

Discovery may be taken regarding "any nonprivileged matter that is relevant to a claim or defense." *Sherrod v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014) (*citing* Fed. R. Civ. P. 26(b)(1).) "Generally speaking, 'relevance' for discovery purposes is broadly construed." *Id.* (internal quotation & citation omitted). "Moreover, the general policy favoring broad discovery is particularly applicable where, as here, the court making the relevance determination has jurisdiction only over the discovery dispute, and hence has less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation." *Jewish War Veterans of the United States of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 42 (D.D.C. 2007) (citing *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 103 (D.D.C. 2005)).

Here, the documents and things sought by AirWatch's subpoena are unquestionably relevant. As described above, in the underlying case in Delaware, AirWatch contends that the '216 patent is invalid under 35 U.S.C. §§ 102-103 based on PeerBook, which was developed and sold by Gigamedia. In its invalidity contentions and an initial expert report (Cohen Decl. Ex. 4

3

at 14 n.2, 49-50; Ex. 5 ¶¶ 614-690), AirWatch and its expert have relied on information from 2002 that is publicly available regarding PeerBook.  However, key information regarding the operation, internal architecture, and commercial sale and public use of PeerBook in the 2002 to 2004 time period as it relates to the '216 patent remains in the sole possession, custody, and control of Gigamedia.  The requests in AirWatch's subpoena are narrowly tailored to seek this existing non-privileged information (*Id*. Ex. 6, Sch. A at 3-5), which is available only from Gigamedia itself.  Moreover, because Gigamedia's document production can be designated "Highly Confidential – Outside Attorneys' Eyes Only" under the protective order that is in place in the underlying action, there are no confidentiality concerns preventing the production of this vital material.  (*Id.* at 11-42 (appending protective order in Delaware case to subpoena).)  Thus, AirWatch's subpoena is the only method by which AirWatch can obtain information about PeerBook—information that is highly relevant to AirWatch's invalidity defense in the underlying action and is of minimal burden to Gigamedia to produce.

With deference to Gigamedia's third-party status, as described above, AirWatch has made substantial efforts to avoid unreasonably burdening Gigamedia and to avoid inconvenient deadlines.  (*Id*. ¶¶ 12-16.)  Despite AirWatch's best efforts to encourage Gigamedia's cooperation, Gigamedia has failed to produce any documents responsive to AirWatch's subpoena, nor has it objected to or moved to quash the subpoena.  As is evident (*see id.*), AirWatch has attempted to resolve this dispute without the Court's assistance.  In the past two months AirWatch has exchanged extensive correspondence with Gigamedia relating to the subpoena and made itself available for meet and confers with Gigamedia – all to no avail.  (*Id.*)  As deadlines in the underlying action are looming, with rebuttal expert reports on invalidity due on February 7, 2019, and reply reports on February 21, 2019 (*Id*. Ex. 3 ¶ 10), AirWatch requests that the Court issue, on an expedited basis, an order compelling Gigamedia to produce all non-privileged documents and things in its possession, custody, or control responsive to AirWatch's subpoena by January 22, 2019.

## IV.     CONCLUSION

For the foregoing reasons, AirWatch respectfully requests that the Court order Gigamedia to produce all non-privileged documents and things in its possession, custody, or control that are responsive to the AirWatch subpoena by January 22, 2019.

Dated: January 16, 2019

*/s/ Daniel P. Muino*

Daniel P. Muino
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW Suite 6000
Washington, DC 20006-1888
(202) 887-1500
dmuino@mofo.com

Of Counsel:

Richard S. J. Hung
Christopher J. Wiener
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
rhung@mofo.com
cwiener@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

*Attorneys for AirWatch LLC*